Arnold L. Fein, J.
This is an application for the appointment of a committee for Sonia Alden. On the hearing, directed by order dated January 14, 1974, Mrs. Alden’s counsel moved orally to dismiss, to disqualify petitioner’s attorneys and for discovery. Petitioner’s attorneys challenged the right of counsel to represent Mrs. Alden, requested the appointment of a guardian ad litem, a direction for an independent psychiatric examination of Mrs. Alden and other relief.
By order dated April 12, 1974, the court appointed a guardian ad litem to protect the interests of the alleged incompe *279 tent and to inquire and report on the disputed issues. Decision on all motions was held in abeyance.
No report or other application was made to the court until July 9, 1976, when, at the instance of all counsel and the guardian, the court conferred with counsel for petitioner, counsel for respondent and the guardian ad litem in an attempt to resolve the disputed issues. Further conferences were had on August 18 and October 8, 1976.
It then appeared from the affidavits submitted by the guardian ad litem and the attorney for Mrs. Alden that on or about June 21, 1976, because gas was escaping from Mrs. Alden’s apartment and she failed to respond, firemen broke the apartment door open and discovered all the jets on the kitchen stove open. Mrs. Alden was taken by ambulance to Lenox Hill Hospital and then to the psychiatric unit at Bellevue Hospital, where she remained until June 30. On June 30, she was taken to Flower-Fifth Avenue Hospital because of cellulitis of the left foot. She remained there under treatment until August 10. She was then transferred to Hillside Manor Nursing Home, a health related facility for elderly people needing care, attention and some medical services. This was by agreement among the guardian ad litem, the attorney for the petitioner, the attorney for Mrs. Alden and with Mrs. Alden’s consent. On or about September 9, 1976, Mrs. Alden was returned to Flower-Fifth Avenue Hospital because of a further problem with her leg. She remained and was treated in the hospital until October 7, 1976, when she was discharged from the hospital and placed in the Florence Nightingale Nursing Home, the nursing home where she now resides.
The court was also advised that in January, 1976, Mrs. Alden had executed an inter vivas trust designating Louis L. Friedman, Esq., the attorney who appeared for her, as the trustee of all of her property and that she had also executed a new will. A modus operandi for caring for Mrs. Alden’s property and her person was agreed upon. However, there remained the issue whether a conservator should be appointed as requested by petitioner and recommended by the guardian ad litem. Mrs. Alden’s counsel moved to dismiss the proceeding as moot.
Accordingly, a hearing was directed to be held on October 25, 1976.
On October 25, 1976, the attorney for Mrs. Alden stated that she could not be produced because she was not in a *280 condition to come to court from the nursing home. She was confined to bed or to a chair with a restraint because of her weakness, lack of sense of orientation and incontinence.
It was then agreed that on that day the court, the guardian and both counsel would go to the nursing home to talk with and interview Mrs. Alden. It was agreed it would be inappropriate and unnecessary to have a court reporter present or to make a written record. Counsel for Mrs. Alden conceded on the record that she was not then in a condition to take care of herself or her property. He asserted however that this condition was relatively recent. He opposed the appointment of a conservator and requested a record be made.
Upon the hearing, the attorneys for the petitioner again moved to amend the petition to request the appointment of a conservator. For the reasons set forth in his reports and on the record the guardian ad litem also recommended the appointment of a conservator, not a committee.
Mrs. Alden’s counsel renewed his prior application and further moved:
(1) To disqualify petitioner’s attorney;
(2) To dismiss the petition on the ground that at the time it was made the papers were insufficient to warrant a hearing;'
(3) To dismiss the petition upon the ground that the issues raised by the petition were now moot in view of the lapse of time and for other reasons.
At the interview with Mrs. Alden, all being present, the court, both counsel, and the guardian ad litem questioned Mrs. Alden. It was readily apparent that she was unable to care for herself physically. She required the assistance of the people at the nursing home and would undoubtedly require such assistance the rest of her life. It was also apparent that she was unable to care for her affairs.
Although she appeared to understand the questions put to her, she was unable to respond because, as she conceded, her memory was failing. She was unable to recognize her attorney, Mr. Friedman, or petitioner’s attorney, Martin Kramer, who had been her attorney for many years, or the guardian ad litem who had interviewed her several times, or the court before whom she had appeared twice. She knew she had substantial assets in bank accounts but did not know the amounts or the names of the banks. She had no awareness that her assets totaled approximately $500,000. She did not *281 know the status of her accounts or how her needs were being taken care of or the cost to do so. In many other ways she evidenced a total inability to take care of her affairs. She stated that she had no recollection of the execution of the trust agreement or of recently executing a new will. She said she signed checks when they were presented and explained to her for a proper purpose by one upon whom she could rely, but had no recollection of what checks she had recently signed, as to amount, payee or purpose.
At the conclusion of the interview, Mrs. Alden’s attorney conceded that in her present condition she was not able to care for her affairs and that there was no need for psychiatric or other medical testimony for this purpose. However, he did not concede the need for a conservator. In addition to the previous grounds, he opposed the appointment of a conservator because as her attorney he had been and was performing all of the duties which a conservator could. He also argued that under the inter vivas trust, which he was not putting into effect at this time, he would have all the powers that the court would ordinarily confer upon a conservator.
Since the hearing and the interview with Mrs. Alden, her attorney, the attorney for the petitioner and the guardian ad litem have submitted additional affirmations, reports and communications.
Upon the basis of all of these proceedings, it is concluded that it is unnecessary to appoint a committee for Sonia Alden. However, although she is not found to be incompetent, it is clear that at this time, by reason of her advanced age, illness, infirmity and mental weakness, Sonia Alden has suffered substantial impairment of her ability to care for her property and has become unable to provide for herself.
It is not necessary now to determine respondent’s condition as of the time the application was originally made, although it is clear a triable issue was raised by the papers submitted. The issue is not now what the condition was at the time of the application but rather respondent’s capacity at the present time. It is undisputed that the court has had continuing jurisdiction over her. On the basis of her present condition, a conservator is required.
Her attorney largely bases his opposition to the appointment of a conservator upon the ground that as her attorney and under the inter vivas trust he has all the powers a *282 conservator would have, although he does not challenge the fact that she is not now in a condition to care for her affairs.
His affirmation of October 23, 1976 makes it abundantly clear that Mrs. Alden’s current condition is such that a conservator should be appointed. The evidence establishes that at least since some time in June, 1976, she has suffered substantial impairment of her ability to care for her property and has been unable to provide for herself. Her attorney’s suggestion that he will consent to the appointment of a conservator only if he is the appointee, with limited powers, is rejected.
Since there may be an issue as to the validity of the inter vivas trust and the recent will, both drawn by him, it is inappropriate to designate him as conservator. The court does not and cannot now pass upon the validity of the trust or of the will.
It is readily apparent from the papers submitted that the petitioner would be an inappropriate conservator both because of his limitations and the likelihood that he will be the prime if not the sole beneficiary of the estate of Mrs. Alden. She has no surviving husband or children. The nearest relative, other than the petitioner who is her nephew, appears to be a cousin in Germany whose whereabouts are apparently not known.
Accordingly, the petition is granted only to the extent that the court will appoint a conservator to be designated by the court in the order to be settled hereon, which order shall recite all of the documents, affidavits and reports submitted and shall also fix the fees for the attorneys for the petitioner, the guardian ad litem and respondent’s attorney. To aid the court in making such determination, counsel are requested to submit affidavits of services as a basis for the fixation of fees.
All other motions and applications as to which decision was reserved are now denied.